*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

### HARDING *v.* DEVITT *et al.*

1. The agreement of partners to make real estate part of the common stock must be in writing, and ought to appear of record.

2. Where the possession of the plaintiff, who was one of the tenants in common is disputed by the others, an issue should be framed and the facts found by the jury.

Opinion delivered December 6th, 1873, by

Paxson, J.　William W. Harding claims to be the owner in fee of an undivided one-fourth part of premises No. 427 Walnut street, and brings this bill for partition of the same against the defendants, Joseph E, Devitt, Nicholas P. Murphy, and Jeremiah L. Hutchinson, whom he alleges to be the owners respectively of the remaining three-fourths thereof.

The defendants allege that the said property belongs to the firm of Joseph E. Devitt & Co., composed of said defendants, and J. Morris Harding, a brother of the plaintiff; that said firm is insolvent, and that J. Morris Harding is indebted to it in a considerable amount.

The answer denies both the title and the possession of the plaintiff. The latter bought the undivided one-fourth part belonging to his brother Morris, and holds a deed therefor.

There is nothing upon the face of the title papers to indicate that the said property belongs to the firm of Jos. E. Devitt & Co. On the contrary. they show that each of said partners is entitled to an undivided fourth part as tenant in common, and that the share of J M. Harding has been conveyed to the plaintiff.

In Lefevre's Appeal 10 P. F. S. 122, it was held that as to purchasers, mortgagees, and creditors, the agreement of partners to make real estate part of the common stock must be in writing, and ought to appear of

record, and that it is not competent to show by parol that real estate con veyed to two as tenants in common is partnership property.

An attempt was made to show that the plaintiff was not a *bona fide* purchaser. The burden of proof is upon those who assert this proposition, and they have not established it. Having failed in this they cannot set up their secret equities to defeat the record title.

The defendants also deny the plaintiff's possession, and assert that they hold adversely. The law is well settled that an adverse holding by one tenant in common for any length of time, however short, previously to the institution of an action of partition, will bar a recovery in such form of action : Law *v* Patterson, 7 W. & S. 784; Troubat & Haly, vol. 3, p. 274. In an action of partition at law, where a defendant appears and pleads, and the interest or possession of the plaintiff is disputed, an issue would be formed and the facts found by a jury. By analogy, in equity, when plaintiff's possession is denied, it must be settled in the same manner as any other disputed fact. If the plaintiff has been ousted of possession the bill will not lie. But it is the fact of ouster, and not the assertion of it, that bars the plaintiff's recovery. The evidence in this cause does not sustain the answer upon this point. There is not a word of proof in support of it, and in the absence of proof mere averment will not avail. The master makes no mention of this point, nor is there any exception pointing to it.

We think the master was right in his view of the law and the facts of this case. We therefore dismiss the exceptions and confirm his report.

*Jas. W. W. Newlin,* Esq., for plff.; *George Bull,* Esq., for defts.

